IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:10cv514LG-RHW |
| REAL PROPERTY LOCATED AT 1109 BREVITO DRIVE, GRAND PRAIRIE, TX; REAL PROPERTY LOCATED AT 2502 KINGSTON STREET, DALLAS, TX; REAL PROPERTY LOCATED AT 9651 COUNTY ROAD #4074, SCURRY, TEXAS | DEFENDANT PROPERTY |

**FINAL JUDGMENT AND DEFAULT JUDGMENT OF FORFEITURE**

This matter comes before the Court on the Motion for Final Judgment and Default Judgment of Forfeiture (Ct. Doc. No. 16) filed by the United States of America ("Government") and, finding that the relief sought by such motion has merit and should be granted, the Court further finds and adjudicates as follows:

1. The Verified Complaint for Forfeiture in this matter was filed on November 2, 2010 (Ct. Doc. 1).

2. Following the filing of the complaint, a copy of the Notice of Complaint for Forfeiture, with other pertinent documents, was served upon all potential Claimants, except Nazario Cavazos. (Ct. Docs. 8 and 12). The government attempted to serve notice on him, which was returned. He is a fugitive who has fled the jurisdiction to avoid appearing in criminal cause number 2:06-CR-36-KS-MTP, in which he is currently named as a defendant.

3. On April 13, 2011, publication of the Notice of Complaint for Forfeiture Action was completed in accordance with Rule G(4) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Action (Ct. Doc. 9).

4. The notice informed all persons or entities known and unknown that this forfeiture action was pending, that in order to avoid forfeiture of the defendant property listed in the Complaint, any person who asserts an interest in the defendant property must file a verified claim within thirty-five (35) days after the date of the notice, if the notice is delivered by mail, within thirty-five (35) days of the date of delivery, if the notice is personally served and not sent by mail, or within sixty (60) days after the first publication of notice on an official government website. Further, for guidance in this preparation of their claims and answers, the notice referred any such persons or entities to Rule G(5)(a)(ii) of Supplemental Rules of Certain Admiralty and Maritime Claims, Title 28, United States Code.

5. Following receipt of the notice, Claimant BAC Home Loans Servicing, LP, timely and properly filed a claim and answer with this Court. No claim, answer, or other pleading remains outstanding, or has been filed by any other person or entity, nor has any other person or entity made an appearance herein, with regard to the three parcels of defendant real property. Therefore, as hereafter ordered, the Government is entitled to a default judgment of forfeiture against any and all persons or entities (except Claimant BAC Home Loans Servicing, LP).

6. WHEREAS the following has occurred towards settlement in this case:

    a. The Government has recognized Claimant BAC Home Loans Servicing, LP's interest as to 1109 Brevito Drive, Grand Prairie, Texas 75052 described in the Stipulation to Recognize Claim filed on August 15, 2011 (Ct. Doc. 10).

    b. The Government having been informed by Dallas County, Texas, of its interest in the defendant real properties, specifically its lien against the defendant real properties located at 1109 Brevito Drive, Grand Prairie, Texas and 2502 Kingston Street, Dallas, Texas, to

ensure collection of state and local ad valorem taxes owed for 2011. The Government recognizes the lien and has agreed to pay the applicable taxes upon sale of the defendant real properties located at 1109 Brevito Drive, Grand Prairie, Texas and 2502 Kingston Street, Dallas, Texas.

      c.     All issues and proceedings relating to Claimant BAC Home Loans Servicing, LP are fully and finally concluded.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Government is hereby given a default judgment of forfeiture against the interests of any and all other persons or entities (except as to BAC Home Loans Servicing, LP) having or claiming an interest in the following defendant property:

**REAL PROPERTY**

**Parcel No. 1**: Located at 1109 Brevito Drive, Grand Prairie, TX, and described as follows:

Lot 7, Block M, of COUNTRY CLUB PARK, SECTION FIVE, an Addition to the City of Grand Prairie, Dallas County Texas, according to the map or plat thereof recorded in Volume 87225, Page 2160 of the Map Records of Dallas County, Texas and Certificate of Correction of error dated October 18, 1990, filed October 18, 1990 in Volume 90204, Page 1239, of the real property records, Dallas County, Texas.

**Parcel No. 2**: Located at 2502 Kingston Street, Dallas, TX 75211, and described as follows:

Being Lot 1, Block 7/3772, of SUNSET ADDITION, an addition to the City of Dallas, Texas, according to the plat thereof recorded in Volume 2, Page 297, Map Records, Dallas County, Texas.

**Parcel No. 3:** Located at 9651 County Road #4074, Scurry TX 75158, and described as follows:

Being 89.342 acres of land, more or less, part of the W.A. THOMPSON SURVEY, ABSTRACT NO. 535 in Kaufman County, Texas.

All that certain lot, tract or parcel of land, part of the W.A. Thompson Survey, Abstract No. 535, Kaufman County, Texas, part of that certain Third Tract, called

60.068 acres, all of that certain First Tract, called 25.545 acres and all of that certain Second Tract, called 38.400 acres conveyed to Claud Echols, et ux by United State of America on November 24, 1944, recorded in Vol. 288 page 460 of the Deed Records of Kaufman County, Texas, all of that certain called 3.00 acre tract conveyed to James A. Adams by Kaufman County on August 19, 1998, recorded in Vol. 1323 page 03 of the Deed Records of Kaufman County, Texas and being more completely described as follows, to-wit:

BEGINNING at a point for corner at the Northwest corner of the above mentioned 25.545 acre tract, in the West line of the above mentioned W.A. Thompson Survey and being in the centerline of County Road No. 4074, from which a 3/8" Iron rod set in the South line of said road bears S 1 deg. 00 min. 06 sec. W-25.46 ft.

THENCE N 89 deg. 00 min. 08 sec. E, with the centerline of County Road No. 4074, a distance of 2871.47 ft. to a point for corner at the Northwest corner of the Sam Myles, Jr. 4.45 acre tract, recorded in Vol. 501 page 440 of the Deed Records of Kaufman County, Texas, from which a 3/8" Iron rod set in the South line of said road bears S 2 deg. 01 min. 55 sec. W-29.85 ft.

THENCE S 2 deg. 01 min. 55 sec. W, with the West line of said 4.45 acre tract, a distance of 266.03 ft. to a 1/2" Iron rod found at the Southwest corner of same and being at the Northwest corner of the Bell, Bass & Davis, Inc. 5.25 acre tract, recorded in Vol. 1358 page 921 of the Deed Records of Kaufman County, Texas.

THENCE S 0 deg. 14 min. 13 sec. W, with the West line of said 5.25 acre tract, passing the Southwest corner of same, continuing a total distance of 414.22 ft. to a 3/8" Iron rod set in the South line of the above mentioned 60.068 acre tract and being in the Northerly North line of the Refugio Acosta 30.952 acre tract, recorded in Vol. 718 page 858 of the Deed Records of Kaufman County, Texas.

THENCE S 89 deg. 56 min. 51 sec. W, with the South line of said 60.068 acre tract, a distance of 1719.72 ft. to a 1" Iron pipe found at the Southwest corner of same, at the Northwest corner of the Refugio Acosta 30.547 acre tract, recorded in Vol. 583 page 857 of the Deed Records of Kaufman County, Texas and being in the East line of the above mentioned 25.545 acre tract.

THENCE S 0 deg. 21 min. 04 sec. E, with the East line of said 25.545 acre tract, a distance of 304.38 ft. to a 1 ½" Iron pipe found at the Southeast corner of same and being in the North line of the above mentioned 38.400 acre tract.

THENCE S 89 deg. 38 min. 20 sec. E, with the North line of said 38.400 acre tract, a distance of 111.65 ft. to a 1 ½" Iron pipe found at the Northeast corner of same and being at an ell corner of said 30.547 acre tract.

THENCE S 0 deg. 04 min. 35 sec. E, with the East line of said 38.400 acre tract, a distance of 927.26 to a 1 ½" Iron pipe found at the Southwest corner of said 30.547 acre tract.

THENCE S 0 deg. 07 min. 12 sec. E, continuing with the East line of said 38.400 acre tract, a distance of 373.84 ft. to a ½" Iron rod found at the Southeast corner of same and being in the South line of the above mentioned W.A. Thompson Survey.

THENCE N 89 deg. 15 min. 09 sec. W, with the South line of said 38.400 acre tract and with the South line of said W.A. Thompson Survey, a distance of 1294.64 ft. to a 3/8" Iron rod set at the Southwest corner of said 38.400 acre tract and being at the Southwest corner of said W.A. Thompson Survey.

THENCE N 1 deg. 00 min. 06 sec. E, with the West line of said W.A. Thompson Survey, a distance of 2221.28 ft., to the point of beginning, containing 89.342 acres of land, of which 1.685 acres is within the above mentioned County Road No. 4074.

IT IS, FURTHER, ORDERED AND ADJUDGED that title to the defendant property is hereby vested in the United States of America and any claims or interests therein of any persons or entities are hereby canceled (except the interest of BAC Home Loans Servicing, LP, described in the Stipulation (Ct. Doc. 10));

IT IS, FURTHER, ORDERED AND ADJUDGED that the defendant real property is referred to the custody of the United States Marshal for disposition in accordance with law and regulation and in compliance with the terms of the stipulation with BAC Home Loans Servicing, LP, described in the Stipulation (Ct. Doc. 10);

IT IS, FURTHER, ORDERED AND ADJUDGED that the United States Attorney is directed to file and record a certified true copy of this judgment in the land records of the appropriate counties.

IT IS, FURTHER, ORDERED AND ADJUDGED that this final judgment and default judgment settles all issues in this case between the Government and Claimant BAC Home Loans

Servicing, LP; and this judgment constitutes a release and hold harmless agreement between the Government and Claimant BAC Home Loans Servicing, LP, and it is ordered that the Government, its agents, representatives, and employees shall be and are hereby released from any liability, claims, demands, damages, suits and causes of action caused by or as a result of this forfeiture action, any claim or demands for attorney fees (including those, if any, authorized by the Equal Access to Justice Act, the Hyde Amendment, and any other law).

IT IS FURTHER ORDERED AND ADJUDGED that Dallas County's partial interest in the defendant real properties located at 1109 Brevito Drive, Grand Prairie, Texas and 2502 Kingston Street, Dallas, Texas is found to be valid, and the Government shall pay Dallas County's lien upon the disposal or sale of 1109 Brevito Drive, Grand Prairie, Texas and 2502 Kingston Street, Dallas, Texas.

**SO ORDERED AND ADJUDGED** this the 23rd day of August, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE